IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                                              Case No. 03-10160-02-JTM
                                              No. 05-3072-JTM

RUBEN LARA-JIMENEZ,

    Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the defendant-petitioner Ruben Lara-Jimenez's February 9, 2005 Motion to Vacate under 28 U.S.C. § 2255. Petitioner argues that his plea was not voluntarily given.

Petitioner pled guilty with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a) and (b)(1)(A), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). He pled guilty to the drug count, and the plea agreement allowed him to avoid the substantial penalties attached to the gun count. He acknowledged in the plea agreement that the drug count carried a sentence of ten years to life, and that he agreed that conduct as to the dismissed count could be considered for sentencing. (Dkt. No. 37, at ¶¶ 1, 3). He voluntarily waived any right to collaterally attack the plea, specifically including any challenges under § 2255. (Id. at ¶ 9).

At the plea hearing, the court carefully advised petitioner as to the potential maximum sentence, and the court would ultimately decide which sentence to impose. (Tr. at 5). The court specifically informed petitioner that he need not plead, and that he could take all the time he needed to make a decision. The court adjourned for an hour for petitioner to decide what he wished to do. (Id. at 4-6, 10). Petitioner returned to the court to state that he wished to plead guilty as provided in the plea agreement, and affirmed that his decision was voluntary. (Id. at 6-7).

The court will deny the motion for relief under § 2255. Petitioner voluntarily waived any right to challenge his conviction under § 2255 under the plea agreement, which provided:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal the conviction and sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28 U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(Plea. Agr. at ¶ 9). Because the court did not impose any upward departure, the petitioner waived any right to challenge the sentence. The court accurately informed petitioner as to the minimum and maximum sentence, and petitioner knowingly and voluntarily waived his right to appeal or otherwise challenge the sentence imposed.

IT IS ACCORDINGLY ORDERED this 21st day of June, 2005, that the defendant-petitioner's Motion to Vacate (Dkt. No. 60) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
