IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

Case No. 03-10160-02-JTM

RUBEN LARA-JIMENEZ,

    Defendants.

MEMORANDUM AND ORDER

Following a guiltiy plea, the court found defendant Reuben Lara-Jimenez guilty of possession with intent to distribute methampetamine and on March 17, 2004 sentenced him to 168 months imprisonment. (Dkt. 55). On February 9, 2009, Lara-Jimenez filed a motion to vacate, alleging ineffective assistance of counsel. (Dkt. 60). The court denied this motion on June 22, 2005.

Over four years later, on August 6, 2009, Lara-Jimenez filed a Motion titled "Rule 60(b)(6) Motion" coupled with an *in forma pauperis* declaration. (Dkt. 65, 66). He seeks a reduction of his sentence, arguing that the court should have imposed a downward departure for a variety of reasons, including the fact that he is a deportable alien (Dkt. 65, at 5-6), he was a first-time offender (*id* at 6-7b), and that aside from this offense his "behavior has been exemplary," he is "a responsible family man," and "expressed sincere remorse at his sentencing hearing." (Id. at 10). He argues that the court has jurisdiction to hear the motion pursuant to *Gonzales v. Crosby*, 545 U.S. 524 (2005).

The court finds that the present action is time barred by the prohibition on second or successive habeas claims enacted by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244.

The Court in *Gonzales* ruled that not all Rule 60(b) motions in habeas actions were subject to the AEDPA's general prohibition on successive motions. The Court held that a Rule 60(b)(6) motion challenging the validity of a district court's ruling that a prior habeas claim was time-barred was not a successive habeas "claim" subject to the AEDPA restrictions. At the same time, however, the Court stressed that merely invoking the language of Rule 60(b) was insufficient to escape the effect of the AEDPA's restrictions. "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." 545 U.S. at 531. The Court observed:

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief ... will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id*. at 532 (emphasis in original, citation and footnote omitted). The Court held that the petitioner's claim was a valid Rule 60(b) motion, since it was not challenging the validity of his conviction, but argued that the district court had misapplied the relevant federal statue of limitation to his prior habeas claim. *Id*. at 533.

Ultimately, the *Gonzales* court affirmed the rejection of petitioner's Rule 60(b) motion. While rejecting the blanket view adopted by the Court of Appeals that all Rule 60(b) motions in habeas actions – unless alleging fraud – should be considered successive habeas actions, the Court

stressed the limitations inherent in Rule 60(b) motions: they must be made "within a reasonable time" and, under Rule 60(b)(6), must show "extraordinary circumstances" justifying the relief. 545 U.S. at 534-35. "Such circumstances," the Court held, "will rarely occur in the habeas context." *Id.* The Rule 60(b) motion of the petitioner, who argued that the district court erred in finding his habeas action time-barred in light of subsequent Supreme Court precedent, did not meet this strict standard, because the decision was correct in light of existing circuit precedent.

Lara-Jimenez's motion does not fall within this narrow exception because the arguments advanced are clearly "claims," as defined by the AEDPA, which challenge the validity of the original sentence. Rule 60(b) "cannot be used to circumvent [the statutory] restraints on successive habeas petitions." *Lopez v. Douglas*, 141 F.3d 974, 975 (10th Cir.1998). A Rule 60(b) motion is "properly considered" a motion under § 2255 when the movant "is challenging the validity of his sentence." United States v. Johnson, 159 Fed.Appx. 835, 839 (10th Cir. 2005). See also In re Cline, 531 F.3d 1249 (10th Cir. 2008) (holding that under *Gonzales*, a putative Rule 60(b) motion is a habeas claim "if it asserts or reasserts a substantive challenge to the validity of the conviction or sentence").

Lara-Jimenez has not received permission from the panel of the U.S. Court of Appeals for the Tenth Circuit to file a second or successive 2255 motion; therefore, this court has no jurisdiction to address the merits of the motion. *See United States v. Avila-Avila*, 132 F.3d 1347, 1348-49 (10th Cir.1997); *see also* 28 U.S.C. § 2244(b)(3)(A). Further, the court finds that the interests of justice do not support a transfer of this action to the Tenth Circuit pursuant to 28 U.S.C. § 1631, since all of the factors now cited by Lara-Jimenez as grounds for altering his sentence were in fact known to the court at the time the sentence was imposed.

IT IS ACCORDINGLY ORDERED this 11th day of January, 2010, that the defendant's Rule 60(b) motion (Dkt. 65) is hereby denied.

                                                        s/ J. Thomas Marten  
                                                        J. THOMAS MARTEN, JUDGE