IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

      Plaintiff,

      vs.                 Case No. 03-10160-JTM

Ruben Lara-Jimenez,

      Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the Motion to Vacate pursuant to 28 U.S.C. § 2255, filed by defendant Ruben Lara-Jimenez. The defendant pled guilty to possession with intent to distribute methamphetamine in 2003 (Dkt. 37), and the court sentenced him to 168 months imprisonment. (Dkt. 55). The court granted a three-level reduction for acceptance of responsibility, and dismissed a firearm count, with its mandatory minimum consecutive five-year sentence. The sentence imposed was thus the minimum permitted under the United States Sentencing Guidelines.

Lara-Jimenez filed no direct appeal from his conviction, but has previously filed two separate motions for relief under § 2255. After reviewing the plea colloquy from 2003, the

court denied the first motion on June 22, 2005, finding that the defendant had knowingly waived any collateral attack on his sentence. (Dkt. 63). On January 10, 2010, the court denied a second motion filed four years after the first, finding that the motion was time-barred under the Antiterrroism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244, and that Lara-Jimenez had failed to obtain the required authorization from the Court of Appeals to file a second or successive § 2255 motion. (Dkt. 67). This decision was affirmed by the Tenth Circuit on May 13, 2010.

The present motion is therefore Lara-Jimenez's third motion for relief under § 2255, and it is time-barred for the reasons stated in the court's earlier Order. Lara-Jimenez argues in his present motion for relief could be timely under the AEDPA, 28 U.S.C. § 2255(h)(2), given the existence of a new rule of constitutional law in *Padilla v. Kentucky*, 559 U.S. 356 (2010). *Padilla* requires that defense counsel specifically warn a defendant of the risk of deportation arising from a guilty plea.

However, the Tenth Circuit has determined that the new rule announced in *Padilla* does not apply retroactively. *United States v. Chang Hong*, 671 F. 3d 1147, 1150 (10th Cir. 2011). And the Supreme Court has recently agreed, expressly determining that "defendants whose convictions became final prior to *Padilla* ... cannot benefit from its holding." *Chaidez v. United States*, 133 S.Ct. 1103, 1113 (2013). Given the clear lack of retroactivity, Lara-Jimenez's motion remains time-barred under § 2255, and the court is without jurisdiction to grant the requested relief.

IT IS ACCORDINGLY ORDERED this 9th day of July, 2013, that the defendant's Motion to Vacate (Dkt. 78) is hereby denied.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE